**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

VICTOR MCNAIR,

      Plaintiff,

vs.                                               Case No. 3:22-cv-329-MMH-LLL

FUTURE MOTION, INC.,

      Defendant.

_____/

**O R D E R**

**THIS CAUSE** is before the Court <u>sua sponte</u>. Federal courts are courts of limited jurisdiction, and therefore, have an obligation to inquire into their subject matter jurisdiction. See <u>Kirkland v. Midland Mortg. Co.</u>, 243 F.3d 1277, 1279–80 (11th Cir. 2001). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See <u>Univ. of S. Ala. v. Am. Tobacco Co.</u>, 168 F.3d 405, 410 (11th Cir. 1999) ("It is well settled that a federal court is obligated to inquire into subject matter jurisdiction <u>sua sponte</u> whenever it may be lacking."). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." <u>Baltin v. Alaron Trading Corp.</u>, 128 F.3d 1466, 1469 (11th Cir. 1997).

On March 22, 2022, Plaintiff Victor McNair initiated this action by filing a complaint and purporting to set forth the facts establishing that the Court has jurisdiction over this action. See Complaint (Doc. 1) ¶¶ 1, 2, 9. Specifically, Plaintiff asserts that the Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because "the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of the State of Florida and citizens or subjects of a foreign State." Id. ¶ 9. However, upon review, the Court is unable to determine Defendant's citizenship and therefore cannot determine whether the Court has diversity jurisdiction over this action.

"The federal diversity jurisdiction statute provides that 'a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.'" Hertz Corp. v. Friend, 130 S.Ct 1181, 1185 (2010) (quoting 28 U.S.C. § 1332(c)(1)) (emphasis removed). In the Complaint, Plaintiff alleges that Defendant Future Motion, Inc. is "a foreign corporation duly authorized to do business in the State of Florida, having its principal office for the transaction of business in the . . . State of California." See Complaint ¶ 2. However, the allegation that Future Motion, Inc. is "a foreign corporation" is insufficient to disclose Future Motion's citizenship in that it does not disclose where Future Motion has been incorporated. See Hertz, 130 S.Ct at 1185; Am. Motorists Ins. Co. v. Am.

-2-

Employers' Ins. Co., 600 F.2d 15, 16 (5th Cir. 1979)[1]; see also Fid. & Guar. Life Ins. Co. v. Thomas, 559 F. App'x 803, 805 n.5 (11th Cir. 2014).  Thus, the Court does not have the information necessary to determine whether it has diversity jurisdiction over this action.

In addition, the Court finds that the Complaint constitutes an impermissible "shotgun pleading."  One category of "shotgun pleading" contains "multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint."  See Weiland v. Palm Beach Cnty. Sheriff's Office, 792 F.3d 1313, 1321 & n.11 (11th Cir. 2015) (collecting cases).[2]

---

[1]   In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[2]   In Weiland, the Eleventh Circuit "identified four rough types or categories of shotgun pleadings."  See Barmapov v. Amuial, 986 F.3d 1321, 1324–25 (11th Cir. 2021) (quoting Weiland, 792 F.3d at 1321).  As the Barmapov court explained,

> The first [category] is "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint."  The second is a complaint "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action."  The third is a complaint that does not separate "each cause of action or claim for relief" into a different count.  And the final type of shotgun pleading is a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against."

Barmapov, 986 F.3d at 1324–25 (quoting Weiland, 792 F.3d at 1321–23).

As a result, "most of the counts . . . contain irrelevant factual allegations and legal conclusions." Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellog Corp., 305 F.3d 1293, 1295 (11th Cir. 2002). Consequently, in ruling on the sufficiency of a claim, the Court is faced with the onerous task of sifting out irrelevancies in order to decide for itself which facts are relevant to a particular cause of action asserted. See id. Here, in each subsequent count of the Complaint, Plaintiff "reiterates and realleges each and every allegation" of all the preceding counts. See Complaint ¶¶ 31, 43, 47. This manner of pleading falls squarely into the first category of impermissible shotgun pleadings. See Barmapov, 986 F.3d at 1325 (11th Cir. 2021) (describing the four general categories of shotgun pleadings) (citing Weiland, 792 F.3d at 1321–23); see also Sarhan v. Miami Dade Coll., 800 F. App'x 769, 771–72 (11th Cir. 2020) (same).

The Complaint also appears to constitute the third form of shotgun pleading in that Plaintiff fails to separate each distinct cause of action or claim for relief into a different count. See Barmapov, 986 F.3d at 1325. Specifically, in Count One of the Complaint, Plaintiff asserts a claim for negligence and lists in a single, two-page long sentence, every theory of negligence imaginable. See Complaint ¶ 25. This kitchen sink manner of pleading fails to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure and makes it impossible to discern what theories of negligence are actually at issue in this particular lawsuit. See Anderson v. Dist. Bd. of Trs. of Central Fla. Cmty. College, 77 F.3d

364, 366 (11th Cir. 1996) (explaining that a properly drawn complaint "will present each claim for relief in a separate count, as required by Rule 10(b), and with such clarity and precision that the defendant will be able to discern what the plaintiff is claiming and to frame a responsive pleading" (internal footnote omitted)). Moreover, although the Court has not attempted to decipher this sentence in full, it appears to contain theories of negligence that bear no apparent connection to the underlying facts of this Plaintiff's case, as well as numerous redundant allegations. Indeed, several clauses in this sentence refer to a failure to warn, despite the fact that Count Two of the Complaint sets forth a separate claim for failure to warn.

In the Eleventh Circuit, shotgun pleadings of this sort are "altogether unacceptable." Cramer v. State of Fla., 117 F.3d 1258, 1263 (11th Cir. 1997); see also Cook v. Randolph Cnty., 573 F.3d 1143, 1151 (11th Cir. 2009) ("We have had much to say about shotgun pleadings, none of which is favorable.") (collecting cases). Indeed, the Eleventh Circuit has engaged in a "thirty-year salvo of criticism aimed at shotgun pleadings, and there is no ceasefire in sight." See Weiland, 792 F.3d at 1321 & n.9 (collecting cases). As the Court in Cramer recognized, "[s]hotgun pleadings, whether filed by plaintiff or defendant, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the

court and the court's parajudicial personnel and resources."[3] Cramer, 117 F.3d at 1263. When faced with the burden of deciphering a shotgun pleading, it is the trial court's obligation to strike the pleading on its own initiative and force the plaintiff to replead to the extent possible under Rule 11. See id. (admonishing district court for not striking shotgun complaint on its own initiative); see also Weiland, 792 F.3d at 1321 n.10 ("[W]e have also advised that when a defendant fails to [move for a more definite statement], the district court ought to take the initiative to dismiss or strike the shotgun pleading and give the plaintiff an opportunity to replead.").[4]

In light of the foregoing, the Court will give Plaintiff an opportunity to file a corrected complaint which properly establishes diversity of citizenship between the parties and corrects the shotgun nature of the Complaint. In doing so, Plaintiff should also ensure that he complies with the typography requirements set forth in the amended Local Rules of the United States District

---

[3] Moreover, as the Eleventh Circuit has emphasized, "[b]esides violating the rules, shotgun pleadings also . . . 'wreak havoc on appellate court dockets, and undermine respect for the courts.'" Barmapov, 986 F.3d at 1324 (citing Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1295 (11th Cir. 2018)).

[4] The Court notes that Plaintiff's counsel was previously informed of the Eleventh Circuit case law on shotgun pleadings in a separate action against the same Defendant. See Calciano v. Future Motion, Inc., 8:21-cv-2984-CEH-AAS, ECF Doc. 11 (M.D. Fla. entered Jan. 3, 2022) (order dismissing complaint without prejudice as an impermissible shotgun pleading). Having now been informed at least twice of the Eleventh Circuit authority on shotgun pleadings, Plaintiff's counsel should promptly correct his pleading practices going forward to avoid further waste of judicial resources.

Court for the Middle District of Florida (Local Rule(s)), which took effect on February 1, 2021.  See Local Rule 1.08(a)-(b).[5]  Future filings which do not comply with this or any other Local Rule may be stricken.

In light of the foregoing, it is

**ORDERED**:

1. Plaintiff's Complaint (Doc. 1) is **STRICKEN**.

2. Plaintiff shall file a corrected complaint[6] consistent with the directives of this Order on or before **April 14, 2022**.  Failure to do so may result in a dismissal of this action.

3. Defendant shall respond to the corrected complaint in accordance with the requirements of Rule 15 of the Federal Rules of Civil Procedure.

**DONE AND ORDERED** at Jacksonville, Florida on March 24, 2022.

MARCIA MORALES HOWARD
United States District Judge

---

[5] The Court cautions counsel that the amended Local Rules contain numerous, significant changes.  The parties should review the Local Rules and, to familiarize themselves with key changes, are encouraged to review the "Video Presentation on New Local Rules" available on the Middle District of Florida website at www.flmd.uscourts.gov/local-rules.

[6] The filing of the corrected complaint does not affect any right Plaintiff may have to amend as a matter of course pursuant to Rule 15(a)(1), Federal Rules of Civil Procedure.

lc11
Copies to:
Counsel of Record